Dear Mr. Bernard:
This office is in receipt of your opinion request in which you ask our office whether the Governor's appointee to the Parish Board of Election Supervisors may be a full time employee of the Clerk of Court's office.
The Louisiana dual office holding and dual employment laws are applicable to your request.
LSA-R.S. 42:63(E) provides:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
LSA-R.S. 42:62(2) provides:
 `Appointive office' means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
LSA-R.S. 42:62(4):
 `Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
LSA-R.S. 42:62(5) provides:
 `Part time' means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours defined as full time.
Also of note is LSA-R.S. 18:423, which creates the appointive position of the parish board of election supervisors under consideration here and provides in pertinent part:
 (C) Composition. In each parish, except Orleans Parish, the board of election supervisors shall be composed of the registrar of voters, the clerk of court, the chairman of the parish executive committee of each recognized political party or his designee who shall be a member of the parish executive committee of the same recognized political party, and one member appointed by the governor.
While LSA-R.S. 42:63(E) prohibits a person from concurrently holding two full-time appointive positions or two full-time employment positions, it does not prohibit a person from holding full-time employment and a part-time appointive position concurrently provided the positions are within the time stipulations provided in LSA-R.S. 42:62(4) and (5) and the offices are not incompatible.
Based on the foregoing, it is the opinion of this office that a person employed full-time with the Clerk of Court's office may serve on the Parish Board of Election Supervisors where the first position is considered a full-time employment and the second position is considered a part-time appointive position. I am also enclosing copies of two previous opinions rendered by our office.
In opinion number 96-378 our office found that an individual may serve as a full-time Chief Deputy Registrar of Voters and also serve as a member of the Parish Board of Election Supervisors and in opinion number 81-1275 our office found no prohibition for a member of the Parish Board of Election Supervisors to serve as a poll commissioner.
The powers and duties of the Parish Board of Election Supervisors include supervising the preparation for and the conduct of all elections held in the parish. (LSA-R.S. 18:423(B)). The Clerk of Court is the Chief Election Officer of the Parish and Deputy Clerks and other employees of a Clerk of Court are subject to his direction and supervision and shall perform the duties assigned to them by law, the court, and the clerk. (LSA-R.S. 18:422).
LSA-R.S. 42:64 provides in pertinent part,
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
If the parish board of election supervisors, while supervising the election, executes any orders or directions to the Clerk of Court's office or to the Deputy Clerk of Court, then the two offices may in fact be incompatible.
Finally, with regard to your statement about receiving pay from both positions, this office stated in attorney general opinion number 93-29 that while a full-time fireman may also be employed as a part-time police officer, such duties may not conflict. It was stated as follows, "the police officer may not be paid as a fireman while he is serving and being paid as a police officer."
While we do not find a violation of the dual office holding law, we do find that the related facts appear to present an ethical question insofar as the part-time duties may have to be performed during the hours designated for the full-time position. This office is not in a position to resolve any ethical questions, but such an issue may be resolved by the Commission on Ethics for Public Employees, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809.
We hope this response has given you sufficient guidance with respect to your inquiry. Should you have further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB, Jr.:mjb